**Jarrell GARONZIK and Milburn Garonzik, etc., Plaintiffs-Appellants,**

v.

**SHEARSON HAYDEN STONE, INC., et al., Defendants-Appellees.**

No. 77–3396

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 12, 1978.

Weinberg, Sandoloski & McManus, Sandy Sandoloski, Michael W. McManus, Dallas, Tex., for plaintiffs-appellants.

C. Taylor Ashworth, John A. Gilliam, Dallas, Tex., for defendants-appellees.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of class certification in a case alleging 10(b)(5) security fraud in the sales campaign of defendant stockbroker concerning the stock in Horizons, Inc. For the purposes of this appeal, the merits of the cause of action are assumed. Although we often refuse to accept an appeal of the denial of class certification, even when, as in this case, the district court certified the issue as controlling under Rule 54(b), Fed.R.Civ.P., we take this appeal on the merits in order to finally resolve the question. Inasmuch as we affirm the denial of class certification, in order to fully implement the purpose of taking this appeal, we direct the district court to proceed with the case as an individual action if the plaintiff cares to pursue it, and to summarily dismiss any further attempts to convert this case into a class action, whether by pleading amendment, counsel substitution, motion, discovery, or any other means which might otherwise have been available had we not been asked to take the appeal of this interlocutory order.

Although no application was properly made to this Court under 28 U.S.C.A. § 1292(b), we treat the filing of plaintiff's notice of appeal as such application, the filing of defendant's brief as a stipulated waiver of formality and time requirements, and grant the appeal as if the plaintiff had properly followed the statute and the rules in the prosecution of this appeal.

A careful review of the briefs and appendix filed in this case reveal no abuse of discretion in the refusal of three district judges over a period of four years to certify the plaintiff as a class representative.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

In his initial order on December 7, 1973, Judge Eldon Mahon, contrary to plaintiff's argument on appeal, did *not* follow a *per se* rule that would disqualify a plaintiff as a class representative just because he was an attorney representing himself. He did, however, give that fact due consideration as to whether the plaintiff could fairly represent the purported class.[1] The reasoning in his opinion demonstrates a careful exercise of his discretion in this regard, rather than an abuse thereof.

We need not now decide whether the application of an automatic rule would be reversible. We align ourselves with the comprehensive treatment of this matter in *Susman v. Lincoln American Corp.*, 561 F.2d 86 (7th Cir. 1977) (citing cases allowing and disallowing a plaintiff-attorney to represent the class), where the court, declining to adopt a *per se* rule, found that in the circumstances of that case the district court did not abuse its discretion in ruling that plaintiffs were inadequate class representatives.

In a subsequent order, Judge W. M. Taylor additionally held that the plaintiff's admission that he is a sophisticated investor raises a defense as to plaintiff's own claim which deprives him of the typicality of the class required for class representation. While this characteristic may or may not eventually affect plaintiff's cause of action, *see Dupuy v. Dupuy*, 551 F.2d 1005 (5th Cir. 1977), and while it might not have prevented class certification if the district judge was so inclined, *see, e. g., Feder v. Harrington*, 52 F.R.D. 178, 183–184 (S.D.N.Y.1970), it presents a sufficient question of typicality to protect the district court's decision

from reversal on appeal under the abuse of discretion standard of review.

AFFIRMED WITH DIRECTIONS.

---

1. This court does not seek to enunciate a belief that there are no circumstances in which it would be appropriate for an attorney to represent a class of individuals both as a member thereof and as counsel. I do not, however, believe that the circumstances wherein such a dual participation by the attorney would be warranted are present in the case at bar. In reaching this conclusion, I have given considerable weight to those matters that relate to the possibly conflicting interests of Garonzik the plaintiff, Garonzik the attorney, and the remaining members of the class. While the Court imputes no base motives to the attorney with whom these questions are herein concerned, it is strongly felt that the circumstances here present militate against a holding that the requirements of Rule 23(a)(4) can be satisfied by allowing one of the plaintiffs to participate as a member of the class and as its attorney. Further, it is noted that the Court's action today in no way divests any plaintiff of his individual rights in the cause of action alleged in the complaint. (footnote omitted).