M. BERENSON CO., INC., et al., Plaintiffs,

v.

FANEUIL HALL MARKETPLACE, INC., et al., Defendants.

Civ. A. No. 83–1944–MC.

United States District Court, D. Massachusetts.

Jan. 5, 1984.

John M. Moran, Boston, Mass., Erik Lund, David J. Hatem, Posternak, Blankstein & Lund, Boston, Mass., for plaintiffs.

Stephen R. Delinsky, Michael J. Stone, Anthony M. Moccia, Fine & Ambrogne, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

On December 19, 1983, this action came on to be heard on the question of certification of a class. Both parties submitted supporting affidavits, and frequent references were made to them (particularly concerning statistics supplied therein) during the arguments. No testimony was taken.

The plaintiffs seek certification of a class under F.R.Civ.P. 23(a) and (b)(3) consisting of all present and former tenants of Faneuil Hall Marketplace and Faneuil Gallery, Inc., who or which in their leases or subleases have one or more of three standard clauses requiring lessee to pay a proportionate share of (a) real estate taxes, (b) common facilities operating and maintenance costs, and (c) heating system operating costs (Quincy Market Building Tenants) and heating and/or air conditioning system operating costs (South Market and North Market Building Tenants). These are referred to hereinafter as R.E. clauses, C.F. clauses, and H.S./A.C. clauses.

The named plaintiffs' complaint concerns the calculation of charges by defendants assessed upon plaintiffs pursuant to the lease clauses and contains averments of fraud, breach of contract, and unfair business practices.

The defendant, Faneuil Hall Marketplace, holder of a ground lease from Boston Redevelopment Authority, must, by reason of an agreement with the City of Boston, make payments in lieu of real estate taxes to the City (a percentage of gross rental income with additions). In turn, the leases here provided, roughly, for a Marketplace tenant to pay, as additional rent, a portion of the payment in lieu of taxes (based in part on the number of square feet in the premises occupied). Plaintiffs assert that their payments should have borne a proportional relationship to payments made by the landlord to the City, but that the charges imposed bore no such reasonable relationship and that defendants received millions of dollars to which they were not entitled. Similarly, the plaintiffs complain that the landlord imposed charges under the C.F. clauses which were not warranted; that defendants received income from "leased" portions of the common area, but didn't deduct the income from the costs, and, as well, imposed retroactive charges in breach of the lease agreements. The claims with respect to the H.S./A.C. clauses involve alleged overcharges and unwarranted adjustment charges.

## I. Rule 23(a) REQUIREMENTS

Rule 23(a) provides:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

### 1. Numerosity

■ Present and former tenants total 227, of which 160 are present tenants according to statements made by counsel at the hearing. Since about 80% of present tenants and approximately 75% of former tenants had the same R.E. clauses; since about 70% of present tenants and approximately 80% of former tenants had the same C.F. clauses, and since about 40% of present tenants and approximately 70% of former tenants had the same H.S./A.C. clauses, and many other persons or firms had such clauses with slight variations, I am satisfied and conclude that the proposed class is so large that joinder of the members is impracticable. The Rule 23(a) requirement of numerosity had been met. On this general subject matter, however, more later.

### 2. Commonality

Rule 23(a)(2) requires that questions of law or fact be shared by members of the prospective class, but not every question raised need be common. Here, there are questions of law or fact common to members of the class proposed by the plaintiffs. Among those common questions are the following: (1) Were there deceptive trade practices attributable to defendants? Misrepresentations? Breaches of contract? (2) Did the defendants effect imposition of unwarranted charges under R.E., C.F., and H.S./A.C. clauses upon tenants? (3) What was the gross rental income from the totality of the Marketplace? (4) What was the total area of the Marketplace in square feet? (5) What was the amount of space in common areas? (6) What were the costs to defendants for heating, air conditioning, common facilities, etc.?

Those questions are illustrative rather than exhaustive, but establish the existence of the commonality required by Rule 23.

### 3. Typicality

"Typicality refers to the nature of the claim of the class representatives, and not to the specific facts from which the claim arose or relief is sought. The proper inquiry is whether other members of the class have the same or similar injury, whether the action is based on conduct, not special or unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Dura-Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R.D. 87, 99 (S.D.N.Y.1981). The claims of the named plaintiffs here, as well as those of the potential class members, all arise out of alleged misrepresentations, breaches of agreement and/or deceptive trade practices attributed to defendants concerning calculations and imposition of charges pursuant to R.E., C.F. and H.S./A.C. clauses. I find, therefore, that the claims of named plaintiffs are typical of the class they seek to represent and that the typicality requirement of Rule 23(a) has been satisfied.

### 4. Adequacy of Representation

■ Two basic guidelines for meeting the adequacy of representation standard of Rule 23(a)(4) are: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) an assurance of vigorous prosecution. 5 Newberg, *Class Actions,* Section 8818 at 8856 (1977). I find here no substantive differences or conflicts between the named plaintiffs and members of the proposed class. All are or were tenants. All had contract relationships with defendants. Counsel for the landlords argued forcefully that tenants competed with one another as proprietors of businesses, a number of them, for example, being competitors in the fast-food type of operation. This, if it be a "conflict", does not go to the *subject matter* of the litigation; hence, it cannot defeat the claim of representative status.

Another contention of defendants in this regard is worthy of consideration. It has been argued that these plaintiffs are not adequate since some named plaintiffs have executed releases to the defendants while others have not and that some members of the proposed class have executed releases while others have not. It has also been argued that the adequacy of the named plaintiffs as class representatives is subject

to question because even if misrepresentations are found to have been made by defendants, some persons may have relied upon them and others may not. These matters, said counsel . . . reliance and lack of it . . . diligence of inquiry and lack of it . . . militate against a finding of adequacy. The defendants' contention is incorrect.

At this stage of the proceedings, where the issue is class certification, the Court may not intrude into the merits of a case. As in *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), for present purposes the Court must presume reliance and due diligence. To do otherwise would be to embark upon an unwarranted intrusion into the merits. I repeat: at present there are no conflicts between named plaintiffs which disqualify them as representatives.

Thus far, the named plaintiffs have prosecuted this action vigorously. I expect and find, particularly in the light of their activity to date, that they will continue to do so. They are obviously familiar with the issues, and can assist counsel in the conduct of the litigation.

Counsel are experienced, have demonstrated that they are capable, knowledgeable and committed to the goal of providing the proposed class with vigorous representation. They have been involved in class action litigation in the past, representing both plaintiffs and defendants, have handled much commercial litigation and have committed substantial resources and effort to date.

I pass on to a consideration of the requirements of Rule 23(b)(3).

## II. Rule 23(b)(3) REQUIREMENTS

Rule 23(b)(3) provides:

(b)(3) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: . . . (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

I find affirmatively on the question of predominance of common questions. The questions of misrepresentations, breaches of agreement, deceptive trade practices, imposition of unwarranted charges, employment of common areas, defendants' costs, are common so far as the class is concerned. There is no question that they predominate over any individual issues which may arise at trial.

As discussed hereinbefore, reliance on an alleged misrepresentation is presumed at this stage of the proceedings so long as there is no issue with respect to materiality, since the existence or non-existence of a misrepresentation is a common question, and its materiality is obvious.

Not only must common questions predominate, as they do here, but Rule 23(b)(3) also requires that a class action be superior to other methods of reaching a fair and efficient adjudication of the controversy. Such is the case here. The benefits to the large number of class members, many of whose claims are so small that their size does not provide the impetus to bring individual actions, clearly outweigh any problems which may arise in the management of the class action. Economy will undoubtedly be achieved. Not only economy which will benefit members of the class, but economy which will benefit the judicial system as well.

Affidavits have been submitted (Richard M. Seiner and Morton P. Berenson) which indicate not only that members of the pro-

posed class are interested in achieving adjudication of common issues, but a desire of also saving time, effort and expense by concert of action in this instance.

With respect to subsection (B) of Rule 23(b)(3), depositions of the named plaintiffs in this case have been taken. They, or some of them, have been involved in litigation with Faneuil Hall Marketplace, Inc. in the past, but it appears that there is no litigation duplicative of or conflicting with this civil action.

As for the desirability or undesirability of concentrating the litigation of the claims in this particular forum [Rule 23(b)(3)(C) ] this forum appears to be proper. The events out of which the controversy rises took place within this judicial district, a large number of the class members apparently reside here or at least do business here and the subject premises covered by the leases and subleases are located here.

There is no question that there are difficulties which will be encountered in the management of the class action. It may even be possible that a sub-class or classes may have to be created at a later date. It seems to me, however, that the burden assumed by allowing the class action to go forward will be lighter in weight than the multiplicity of burdens that would be assumed by the judicial system if the claims of all of the tenants are subject to separate adjudication.

The tenants appear to have three major classes of complaints against the landlords. Proof as to at least one of those elements would seem to be identical with respect to all members of the proposed class and similar as to the other elements of the complaint.

On this score, defendants' counsel argued that one obstacle which will be encountered is the determination of damages. He insisted at the hearing that one could not employ a formula applicable to members of the class should they prevail on the liability issue. I had difficulty in following his reasoning although I do not doubt the sincerity of his argument. It seems to me that a formula might well be constructed. On the other hand, even if the Court is incorrect in this regard, a class action is maintainable even though the measure of damages is different for members of the class. That issue might be treated in a proceeding subsequent to the trial of the issue of liability.

For the foregoing reasons, the Court certifies the class as described hereinbefore. Counsel for the plaintiffs shall submit a proposed form of notice to potential class members to the Court and to counsel for the defendants within two (2) weeks from the date of this Memorandum and Order. Any objections to that proposed notice shall be filed within one (1) week thereafter.