Gerald J. HOLTON, Harry H. Gibson, et al., Plaintiffs,

v.

L.F. ROTHSCHILD, Unterberg, Towbin, et al., Defendants.

Robert G. BEDIG, et al, Plaintiffs,

v.

Michael E. MINSON, Defendant.

Lila SCHEINER, Plaintiff,

v.

L.F. ROTHSCHILD, Unterberg, Towbin, et al, Defendants.

Civ. A. Nos. 83–3253–Mc, 84–1557–Mc, 84–1993–Mc and 84–4081–Mc.

United States District Court, D. Massachusetts.

Dec. 15, 1987.

Thomas G. Shapiro, Shapiro & Grace, Boston, Mass., for plaintiffs.

Peter M. Saparoff, Bill Darrow, Gaston Snow & Ely Bartlett, Boston, Mass., for Rothschild, Unterberg, Towbin.

Robert T. Gill, Abbey Brown, Parker, Coulter, Dailey & White, Boston, Mass., for Oppenheim, Appel, Dixon.

Peter C. Knight, Morrison, Mahoney & Miller, Boston, Mass., for Keplinger & Assocs.

Charles W. Rankin, Boston, Mass., for Green.

Terence M. Kane, Coleman & Coleman, Santa Monica, Cal., for Wilen.

M. Frederick Pritzker, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for Carlont.

William A. Cotter, Robert G. Gill, Francis K. Toto, Vincent M. Amoros, Parker, Coulter, Daley & White, Boston, Mass., for Oppenheim.

James L. Ackerman, Day, Berry & Howard, Boston, Mass., for Carreau, Smith Inc., Sade & Co. Milwaukee Co., Bradford Gordon Inc.

Peter M. Saparoff and Joan A. Channick, Gaston, Snow and Ely Bartlett, Gary S. Matsko, Davis, Malm & D'Agostine, Boston, Mass., for L.F. Rothschild, etc.

M. Frederick Pritzker, M. Robert Dushman, Warren D. Hutchinson, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for Carlton.

William J. Dailey, Jr., John P. Ryan, Sloane & Walsh, Boston, Mass., for Minson.

## MEMORANDUM AND ORDER ON MOTIONS FOR CLASS CERTIFICATION

McNAUGHT, District Judge.

These four civil actions came on to be heard on motions for class certification. The complaints are similar. Voluminous memoranda were submitted, and several counsel favored the Court with argument.

In the actions numbered 83–3253 and 84–1557, the plaintiffs move that the Court enter an order that the actions be maintained as a class action on behalf of all persons who purchased limited partnership Units in the Minoco 1981–I Oil and Gas Program, the Minoco 1981–II Oil and Gas Program, and the Minoco 1981–III Oil and Gas Program (excluding defendants whether original, third or fourth party and partners, officers or employees of such defendants).

In the action numbered 84–1993, the plaintiffs ask for an order allowing the action to be maintained as a class action on behalf of persons who purchased Units in Minoco Oil and Gas Programs designated as 1979–LC, 1980–I, 1980–II, 1980–III, 1980–IPLC, 1980–LC, and 1981–LC. Similarly, defendants, third and fourth-party defendants and persons connected with them would be excluded.

In the action numbered 84–4081, an order is requested determining that the action be maintained as a class action on behalf of persons who bought Units in the Minoco 1980–LC Oil and Gas Program, excluding defendants and former partners, officers, directors and employees of designated companies.

In the complaints, plaintiffs allege violations of § 12(2) of the Securities Act of 1933, § 11 of the Act of 1933, § 10(b) of the Securities Exchange Act of 1934, and of Rule 10b–5 thereunder.

The plaintiffs in the *Holton* actions (83–3253 and 84–1557) claim that they were defrauded by means of a written prospectus filed with the Securities and Exchange Commission. The minimum investment in the programs involved was $10,000. It is claimed that the prospectus was fraudulent with respect to a drilling record of prior programs, as well as by reason of a failure to disclose that the general partners had committed an alleged breach of their fiduciary duties by investing in wells.

In the *Bedig* action (84–1993), it is averred likewise that prospectuses were fraudulent with respect to prior drilling records, with failure to disclose that certain Kansas wells represented to be "oil wells" would require an expensive, risky, secondary recovery technique of injecting water and that there was also a failure to disclose a violation of fiduciary duties by a general partner (Minson).

By way of docket document numbered 192 in Civil Action 84–4081, the plaintiff, Scheiner seeks class action determination. In her complaint, she too avers that the prospectus was fraudulent with respect to prior drilling records, a failure to disclose that almost half of the two hundred thirty-seven wells had no reasonable expectation of producing a profit, and that the prospectus failed to disclose that the general partners had breached their fiduciary duties by investing in Kansas wells.

The issue of certification of a suit as a class action requires inquiry into whether the requirements of Rule 23(a) and one of the subsections of Rule 23(b), F.R.Civ.P. have been satisfied. The requirements of Rule 23(a) are (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Numerosity, I conclude, poses no problem with respect to any of these actions. In the four cases, there are a potential total of 3,760 class members according to statements made at the argument. The smallest number of purchasers of Units are involved in the *Scheiner* action. At argument, we were told that in that case approximately 60 people had pur-

chased. In her memorandum, the plaintiff says that about "50" people were potential class members. Whether the number be 50 or 60, it is sufficiently large. *Fidelis Corporation v. Litton Industries, Inc.*, 293 F.Supp. 164 (S.D.N.Y.1968).

In each of these cases, the plaintiffs have shown preliminarily that there are common questions of law or fact. The similarity of the complaints here has already been noted. In each instance, it is averred that the prospectus involved contained misrepresentations and failed to state material facts about prior drilling records. If we focus on the liability issue in each of the actions, the questions involved therein are common to the class, predominating over individual questions. Of course, not every question raised need be common. *M. Berenson Co., Inc. v. Faneuil Hall Marketplace*, 100 F.R.D. 468 (D.Mass.1984). The plaintiffs are correct when they point to several common questions in each of these actions. Among them are: (1) whether the prospectus contained misrepresentations of a material nature; (2) whether the defendants acted with scienter; (3) whether the plaintiffs suffered harm by reason of the misrepresentations; and (4) the measure of damages. In each case then, the commonality requirement of Rule 23(a) is satisfied.

"Typicality refers to the nature of the claim of the class representatives, and not to the specific facts from which the claim arose or relief is sought. The proper inquiry is whether other members of the class have the same or similar injury, whether the action is based on conduct not special or unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Dura–Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87 at 99 (S.D.N.Y. 1981); *M. Berenson Co., Inc. v. Faneuil Hall Marketplace*, supra at 470. In all four actions, the claims of the named plaintiffs arise out of the same alleged misrepresentations in a prospectus, as do the potential claims of members of the class. When the named plaintiffs advance their own interests in each of the actions, the interest of the class will be advanced. In other words, the stated claims of the representatives are not unique to them. I rule, therefore, that the claims of the named plaintiffs are typical and another requirement of Rule 23(a) has been satisfied.

In the *Scheiner* action (84–4081), defendant has argued that because Scheiner never read the Offering Memorandum and relied on advice of her son in her decision to invest, typicality (and adequacy) cannot be found. Defendants claim that this brings Scheiner within the rule of *Sanders v. Robinson Humphrey/American Express, Inc.*, 634 F.Supp. 1048 (N.D.Ga. 1986). I am persuaded, however, that the status of Scheiner does not require a finding that she cannot fairly represent the proposed class. As Judge Skinner held in *Abelson v. Strong*, Civil Action No. 85–0592–S (D.Mass. July 30, 1987) [available on WESTLAW, 1987 WL 15872], if a plaintiff can trace the reason for his/her purchase back to defendants' misrepresentations or omissions, that is sufficient in itself to satisfy the requirement. Since her son has sworn that he read the prospectus and relied upon the misrepresentations and omissions, if Mrs. Scheiner relied on her son in making the investment, she can trace the reason for her purchase back to the prospectus.

The defendants have argued also that the persons seeking to be class representatives had knowledge concerning prior Minoco programs. First, it appears that two, at most, may have had access to information from earlier programs: two of seven.

In each case there is reason to believe that the named plaintiffs and their counsel will provide adequacy of representation. We have in mind the guidelines (1) absence of potential conflict between the named plaintiffs and class members and (2) assurance of vigor in prosecution. There are no substantive differences in the claims of the named representatives and those of the class. All of these people bought into one or another of the Minoco programs. I have considered the other arguments made by defendants and find that they are insufficient to create a doubt about the adequacy

 

of representation by the plaintiffs named in each of these actions. As for plaintiffs' counsel, I have no doubt that counsel can conduct this litigation. Qualification and experience on the part of counsel is undoubted. Past performance in these actions, let alone others, indicates that counsel will proceed vigorously on behalf of the classes. Mr. Shapiro has already had experience in complicated class litigation.

It is contended by defendants that Mr. Shapiro made an improper statement to a magazine. Even if that statement was as reported to the Court, it would not lead one to the conclusion that counsel cannot adequately represent the class.

With respect to the Rule 23(b) requirements, the Court determines that the class action device in these actions is superior to other available methods for fair, efficient adjudication. As was said in *Genden v. Merrill Lynch, Pierce, Fenner & Smith*, 114 F.R.D. 48 (S.D.N.Y.1987), at page 53: "It is well established that suits based on securities fraud typically give rise to the need for representative action. *See Green v. Wolf Corp.*, supra [406 F.2d 291 (2d Cir.1968) at 301]. The ultimate effectiveness of federal remedies may depend on the applicability of the class action device."

In the course of the hearing, the Court posed the problem of possible individual questions of reliance. We recognize that individual questions of reliance do not preclude class certification as was said in *Dura–Bilt Corp. v. Chase Manhattan Corp.*, supra; *Green v. Wolf Corp.*, supra. Since common questions predominate, the Court could, of course, order separate hearings on the issue of reliance.

The Court perceives no other bar to class treatment. This includes the contention that "because various state statutes of limitations ... will require individualized conflicts of law treatment", the 10b–5 claims should not receive class treatment. For one thing, as plaintiffs contend, the statute of limitations in Rule 10b–5 actions is that of the forum state (the three-year statute in Massachusetts). It matters not where the class members reside.

For the foregoing reasons, the motions for class certification are granted.

SO ORDERED.