In re **ML–LEE ACQUISITION FUND II, L.P. AND ML–LEE ACQUISITION FUND (RETIREMENT ACCOUNTS) II, L.P. SECURITIES LITIGATION.**

Civ. A. No. 92–60–JJF.

United States District Court,
D. Delaware.

May 21, 1993.

Pamela S. Tikellis, Carolyn D. Mack, and Cynthia A. Calder, of Greenfield & Chimicles, Wilmington, DE. Michael J. Freed, and Carol V. Gilden, of Much Shelist Freed Denenberg & Ament, Chicago, IL. William J. French, Robert L. Gegios, and Glen E. Lavy, of Gibbs Roper Loots & Williams, Milwaukee, WI, James S. Youngblood, Atlanta, GA, for plaintiffs.

Kenneth J. Nachbar, of Morris Nichols Arsht & Tunnell, Wilmington, DE. James

N. Benedict, Mark Holland, David J. Lewittes, and James F. Moyle, of Rogers & Wells, New York City, for defendants Mezzanine Investments II, L.P., ML Fund Admrs., Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc. d/b/a Merrill Lynch Capital Markets, ML Mezzanine II, Inc., Matthew D. Castagna, Warren C. Smith, Jr., Rosalie Y. Goldberg, Robert Miller, Frederick J.C. Butler, Kevin K. Albert, Jerome P. Greene, and J. Huston McCullough II.

Stephen E. Herrmann, of Richards Layton & Finger, Wilmington, DE. Richard S. Nicholson, and Sanford F. Remz, of Hutchins Wheeler & Dittmar, Boston, MA. John D. Donovan, Jr., and Michael K. Fee, of Ropes & Gray, Boston, MA, for defendants Thomas H. Lee Co., T.H. Lee Mezzanine II, Thomas H. Lee Advisors II, L.P., ML Lee Acquisition Fund II, L.P., ML Lee Acquisition Fund (Retirement Accounts) II, L.P., Thomas H. Lee, Vernon R. Alden, Joseph L. Bower, and Stanley H. Feldberg.

## MEMORANDUM OPINION

FARNAN, District Judge.

### I. INTRODUCTION

Plaintiffs, William Seidel and Ronald Goldstein filed these consolidated class actions in February 1992 on behalf of a class consisting of more than 33,000 purchasers of limited partnership interests in the ML–LEE Acquisition Fund II, L.P. ("Fund II") and ML–LEE Acquisition Fund (Retirement Accounts) II, L.P. ("Retirement Fund II") (together "the Funds"). The Consolidated

---

1. Defendants are ML–Lee Acquisition Fund II, Thomas H. Lee, Thomas H. Lee Advisors II, L.P., Thomas H. Lee Company, T.H. Lee Mezzanine II, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Mezzanine Investment II, L.P., ML Mezzanine II, Inc., ML Fund Administrators, Inc., Matthew D. Castagna, Warren C. Smith, Jr., Rosalie Y. Goldberg, Robert Miller, Frederick J.C. Butler, Kevin K. Albert, Jerome P. Greene, J. Huston McCullough II, Vernon R. Alden, Joseph L. Bower, and Stanley H. Feldberg.

2. Request No. 10 seeks the production of "[a]ll documents provided to or received from any office of Merrill Lynch or any investment adviser

---

Amended Complaint alleges that defendants [1] violated federal securities laws and common law in connection with the sale of limited partnership interests in the Funds. Plaintiffs seek to be the representatives of all persons who purchased limited partnership interests in the Funds between November 10, 1989, and January 5, 1990. On November 10, 1992, Defendants served their Request for the Production of Documents Relating to Class Certification on Plaintiffs' counsel. Plaintiffs responded on December 10, 1992, objecting to certain requests, such as those at issue here, on the grounds of relevance.

The issue presently before the Court, upon Defendants' Motion to Compel Discovery (Docket Item "D.I." 132), is whether documents concerning the Plaintiffs' investment history since January 1, 1988, Plaintiffs' personal financial history, including Plaintiffs' income tax returns since 1985, and Plaintiffs' counsels' records concerning investments in the Funds are relevant and discoverable. Because the Court finds that the requested documents are relevant to the determination of Plaintiffs' adequacy and typicality to represent the proposed class, the Court will grant Defendants' motion to compel.

### II. DISCUSSION

#### A. Plaintiffs' Investment History

■ Defendants first seek an order compelling the Plaintiffs to produce certain documents pertaining to Plaintiffs' investment history (Defendants' Request for the Production of Documents Relating to Class Certification ("Requests"), Nos. 10, 11, and 15); [2]

---

relating to any brokerage account maintained or proposed to be maintained by plaintiffs...."

Request No. 11 seeks the production of "[a]ll documents provided to or received from any brokerage firm other than Merrill Lynch or any investment adviser relating to any brokerage account maintained or proposed by be maintained by plaintiff at such brokerage firm(s)...."

Request No. 15 seeks the production of "[a]ll account statements, confirmations, brokerage house records, or other documents concerning transactions by or on behalf of plaintiffs in publicly traded securities." *Defendants' Motion to Compel Discovery,* Defendants' Request for the Production of Documents Relating to Class Certi-

Defendants contend that access to the requested documents concerning Plaintiffs' investment history is necessary to determine the Plaintiffs' adequacy to represent the proposed class. They assert that further facts are needed to ascertain whether these plaintiffs are "professional plaintiffs" who invest in securities for the sole purpose of bringing so-called strike suits. Plaintiffs counter that Plaintiffs' substantial monetary interest in the Funds[3] precludes a good faith argument that the present action is a "strike" suit.

■ Before a court may certify a class, it must be satisfied that the proposed plaintiffs satisfy the prerequisites for a class action contained in Rule 23(a) of the Federal Rules of Civil Procedure. Specifically, Rule 23(a)(4) requires that the class representative(s) will fairly and adequately protect the interests of the class. The adequacy requirement assures that the case will be prosecuted vigorously. *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). A plaintiff who purchases securities for the sole purpose of bringing strike suits in an effort to coerce settlements or to affect stock prices and without the intent of vigorously prosecuting the litigation is not an adequate representative of the proposed class.

Plaintiff Ronald Goldstein has brought seven class action suits within the last two years. Plaintiff Goldstein's counsel in this action has also served as his counsel in at least three of these prior actions. The Court is persuaded that this information is sufficient to warrant further inquiry into Plaintiffs' adequacy to represent the class.

■ Moreover, the Court finds that the requested documents pertaining to the Plaintiffs' investment history are relevant to the Court's determination of whether Plaintiffs

satisfy the typicality requirement of Fed. R.Civ.P. 23(a)(3). A determination that Plaintiffs are "sophisticated" is relevant to, *inter alia*, the issues of Plaintiffs' reliance on the alleged fraud, and Plaintiffs' burden of showing that they exercised due diligence in investigating the alleged fraud. *In re Sci Med Life Sec. Litig.*, [current] Fed.Sec. L.Rep. (CCH) ¶ 97,220, at 94,945–46, 1992 WL 413867 (D.Minn. Nov. 20, 1992); *accord Wiley v. Hughes Capital Corp.*, 746 F.Supp. 1264, 1278–79 (D.N.J.1990). Sophisticated Plaintiffs are held to higher standards under due diligence analysis. *Wiley*, 746 F.Supp. at 1278. In addition, Plaintiffs' sophistication may preclude a finding that the Plaintiffs relied on the alleged fraud in purchasing the securities. *Id.* at 1279. Thus, Plaintiffs' level of sophistication may subject them to unique defenses and render them atypical class representatives. Accordingly, the Court will allow the requested discovery of Plaintiffs' investment histories.

### B. Plaintiffs' Financial Histories

■ Defendants next seek an order compelling the Plaintiffs to produce documents pertaining to Plaintiffs' personal finances (Requests Nos. 22 and 23).[4] Before allowing a plaintiff to represent a class, the Court must be convinced that the plaintiffs are willing and financially able to shoulder the burdens of class representation. Thus, the financial status of a proposed representative plaintiff is relevant to the determination of whether that Plaintiff is capable of adequately representing the class.

■ In the present action, Plaintiffs must bear the substantial costs of serving notice on more than 33,000 potential class members, as well as the costs of engaging in extensive discovery. When, as here, a Defendant dem-

fication, Exhibit B ("Motion to Compel, Exhibit B"), at 6–7.

**3.** Plaintiff Seidel paid $10,000 to purchase units in Fund II and Plaintiff Goldstein paid $20,000 to purchase units in the Retirement Fund. Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Compel Production of Documents (D.I. 141), at 3.

**4.** Request No. 22 seeks the production of "[e]ach plaintiff's tax returns for the years 1985 to the present."

Request No. 23 seeks the production of "[a]ll documents setting forth (a) each plaintiff's current net worth, assets, debts, other liabilities, and financial status, including financial statements and loan applications, and (b) each plaintiff's income for the most recent year for which it has been determined." Motion to Compel, Exhibit B, at 8–9.

onstrates a legitimate concern about the ability of a Plaintiff to successfully lead a particular class, limited discovery into a Plaintiff's financial history is warranted. *Accord Rode v. Emery Air Freight Corp.*, 76 F.R.D. 229 (W.D.Pa.1977). Without the requested financial information, it would be difficult for the Court to ascertain whether the Plaintiffs in this action satisfy the adequacy requirement of Rule 23(a)(4).

Notwithstanding Plaintiffs' arguments to the contrary, the agreement by Plaintiffs' counsel to advance the costs of litigation does not defeat the relevance of Plaintiffs' own financial status. Sole reliance on the financial backing of the representatives' legal counsel creates the undesirable situation of entrusting the responsibility of adequately representing the class to the attorney rather than the litigant. *Accord Rode*, 76 F.R.D. at 232–33. At a minimum, a Court must be satisfied that a Plaintiff's resources are sufficient to preclude the possibility that a Plaintiff could be coerced into complying with an attorneys' advice with regard to different options that may be available on legal issues in a class action because of the potential threat of funding revocation. Accordingly, the Plaintiffs will be ordered to produce the information requested regarding their personal financial histories.

### C. Plaintiffs' Counsels' Investment Histories in the Funds

█ Finally, Defendants seek an order compelling Plaintiffs to produce documents concerning whether Plaintiffs' counsel have invested in the Funds' securities (Request No. 45).[5] Under certain circumstances, ownership by counsel for a class of units in the Funds may render counsel's legal representation inadequate. *See, e.g., Fechter v. HMW Indust.*, 117 F.R.D. 362 (E.D.Pa.1987). It is the Court's view that such information regarding any investment of Plaintiffs' counsel in the Funds involved here is relevant to Rule 23(a)(4)'s adequacy requirement. Thus, the Court will order Plaintiffs' counsel to produce the limited discovery requested by

**5.** Request No. 45 seeks the production of "[a]ll documents concerning any purchase of the Fund

Defendants concerning any ownership in the Funds by Plaintiffs' counsel.

### III. CONCLUSION

In sum, Plaintiffs will be ordered to produce the documents sought in Defendants' Requests Nos. 10, 11, 15, 22, 23, and 45. The Court finds that these documents are necessary to properly ascertain whether the Plaintiffs' interests are adequate and typical of the proposed class.

II Securities by any of plaintiffs' counsel." Motion to Compel, Exhibit B, at 14.