Richard I. BURSTEIN, David M. Bamel, on behalf of themselves and all others similarly situated,

v.

APPLIED EXTRUSION TECHNOLO-GIES, INC., Amin J. Khoury, Robert C. Slocumb, Paul W. Marshall, Richard G. Hamermesh, Hansjoerg Wyss, B. Martha Cassidy, Fred C. Danforth, Joseph O'Donnell, Petros A. Palandjian, Mark Harmeling, Nader Golestaneh, Bruce A. Edge.

Civ. A. No. 92–12166–PBS.

United States District Court,
D. Massachusetts.

March 8, 1994.

Jeffrey S. Goddess, Rosenthal Monhait, Gross & Goddess, Wilmington, DE, Susan Schneider Thomas, Zlotnick & Thomas, Bala Cynwyd, PA, Dennis J. Johnson, Law Offices of Dennis J. Johnson, Havertown, PA, for plaintiff.

Glen DeValerio, Berman, DeValerio & Pease, Boston, MA, for consolidated plaintiff.

John D. Donovan, Jr., Robert Mirabella, Ropes & Gray, Boston, MA, Kevin G.

Abrams, Richards, Layton & Finger, Wilmington, DE, for defendants.

Robert Y. Murray, Gordon P. Ramsey, Ramsey, Murray & Jenkins, Boston, MA, for consolidated defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S [SIC] MOTION TO COMPEL DISCOVERY (# 47)

COLLINGS, United States Magistrate Judge.

The facts which form the basis of this suit are set forth in some detail in the Court's earlier memorandum and order. *See Burstein v. Applied Extrusion Technologies, Inc.,* 150 F.R.D. 433 (D.Mass., 1993). Counsel are currently engaging in discovery limited to class action issues. The defendants' motion to compel seeks an order compelling the plaintiffs to provide the following:

5. All documents provided to or received from any brokerage firm or any investment adviser relating to any brokerage account maintained or proposed to be maintained by plaintiffs at such brokerage firm(s), including but not limited to, all confirmations of transactions, account statements, summaries of transactions, correspondence, margin account information, including margin call notices, or other communications between plaintiffs and such firms.

6. All account statements, confirmations, brokerage house records, or other documents concerning transactions by or on behalf of plaintiffs in publicly traded securities.

Defendants' asserted bases for seeking the documents are to determine whether plaintiffs' claims meet the "typicality" requirement set forth in Rule 23(a)(3), Fed.R.Civ.P., and whether plaintiffs are "adequate" class representatives, a prerequisite to class certification set forth in Rule 23(a)(4), Fed. R.Civ.P. These bases are further particularized by the defendants. They state that "... plaintiffs' investment histories are directly relevant to determine whether plaintiffs are subject to unique defenses, and therefore, atypical" and that "... [a] number of plaintiffs' claims ... are predicated upon alleged reliance on AET's public disseminations and/or a 'fraud on the market' theory."[1] De-

---

1. Memorandum of Law in Support of Defendants' Motion to Compel Production of Documents Relating to Class Certification (# 48) at p. 5.

fendants further aver that "... plaintiffs' investment histories are relevant to determine whether their level of sophistication makes plaintiffs uniquely vulnerable to defenses that do not apply to the typical class member."[2] Lastly, defendants point out that "[p]laintiffs have alleged that defendants violated Rule 10b-5, which imposes a due diligence requirement on those seeking relief ... [and] a representative's sophistication destroys typicality in a Rule 10b-5 class action because the representative has a weaker due diligence case than does the rest of the class."[3]

Caselaw in this District seems to indicate that these considerations are not relevant on the question of whether to certify a class. In the case of *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 100 F.R.D. 468 (D.Mass., 1984), Judge McNaught noted that the defendants were taking the position that:

> ... the adequacy of the named plaintiffs as class representatives is subject to question because even if misrepresentations are found to have been made by the defendants, some persons may have relied upon them, and others may not. These matters, said counsel ... reliance and lack of it ... diligence of inquiry and lack of it ... militate against a finding of adequacy. The defendants' contention is incorrect.

The Court ruled that:

> At this stage of the proceedings, where the issue is class certification, the Court may not intrude into the merits of a case. As in *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), for present purposes, the Court must presume reliance and due diligence. To do otherwise would be to embark upon an unwarranted intrusion into the merits.

*Id.* at 470-1.

In the case of *Malanka v. Data General Corporation*, [1986–1987 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 92,837, 1986 WL 541 (D.Mass., 1986), Magistrate Judge Alexander denied a motion in a securities case which sought production of, among other things,

documents evidencing the nature and extent of plaintiff's investments in order to show that plaintiff's claims were not "typical." The Court held that "... documents of plaintiff's investment services and sophistication unrelated to [the investment which forms the basis of the claims in the case] are not relevant, and are, therefore, not discoverable.". *Id.*, ¶ 92,837 at 94,073, 1986 WL 541*2. Judge Wolf followed the *Berenson* precedent in the case of *Kirby v. Cullinet Software, Inc.*, 116 F.R.D. 303 (D.Mass., 1987), writing:

> The defendants also claim that the named plaintiffs are atypical at least in regard to purchasers relying on the third misstatement, because all the proposed representatives purchased before the alleged misstatement ... The court holds the plaintiffs' claims are typical of later purchasers where the basis of the class claim is the type of common course of conduct alleged in the instant case.

*Id.* at 308.

Judge Wolf also held that the plaintiff's "... sophistication does not render him atypical" since the case involved a non-disclosure and thus was based on a "fraud on the market" theory. *Id.*

In the case of *Priest v. Zayre Corporation*, 118 F.R.D. 552 (D.Mass., 1988), Judge Zobel followed both the *Berenson* and *Kirby* precedents. In that case, defendants claimed that the "plaintiff is an atypical and inadequate plaintiff because he will be subject to unique defenses regarding reliance ... [because plaintiff] did not rely on the documents containing the alleged misrepresentations and ... he relied on extraneous factors." *Id.* at 554 (footnotes omitted). Judge Zobel, citing the case of *In re Data Access Systems Securities Litigation*, 103 F.R.D. 130, 139 (D.N.J., 1984), among others, ruled that "... questions of individual reliance do not defeat the requirement of typicality for the federal claim." *Priest v. Zayre Corporation, supra*, 118 F.R.D. at 555.

Judge Zobel also rejected the claim that plaintiff was atypical due to his level of sophistication because "[p]laintiff's investment

---

**2.** *Id.* at p. 6.

**3.** *Id.* at p. 7 citing *Warren v. Reserve Fund, Inc.*, 728 F.2d 741, 747 (5 Cir., 1984) and *Garonzik v.*

*Shearson Hayden Stone, Inc.*, 574 F.2d 1220, 1221 (5 Cir., 1978).

decisions depended on information readily available to other investors and were not based on the type of knowledge available only to an institutional investor, or one who had direct contact with corporate officers." *Id.* (citations omitted). Judge Zobel reiterated the same principles in a decision six months later, i.e., *Gorsey v. I.M. Simon & Co., Inc.,* 121 F.R.D. 135, 138–9 (D.Mass., 1988).

Judge Keeton followed the *Priest* and *Kirby* precedents rejecting similar attacks on the typicality of class representatives' claims in *Randle v. Spectran,* 129 F.R.D. 386, 390–2 (D.Mass., 1988). Judge Harrington followed the *Kirby* and *Gorsey* precedents in the case of *Tolan v. Computervision Corporation,* 696 F.Supp. 771, 777–80 (D.Mass., 1988).

These precedents all support plaintiffs' view in the instant case that the discovery sought at this time is simply not relevant on the issue of class certification. Defendants, however, point to precedent outside of the District of Massachusetts which, they claim, supports their position.[4] A review of that precedent reveals that, indeed, other Courts have taken a view contrary to that taken by judges in this District. In the case of *Garonzik v. Shearson Hayden Stone, Inc.,* 574 F.2d 1220 (5 Cir., 1978), the Fifth Circuit, without extended discussion, indicated that an admission that plaintiff was a "sophisticated investor raises a defense as to plaintiff's own claim which deprives him of the typicality of the class required for class representation." *Id.* at 1221. To the same effect is *Warren v. The Reserve Fund, Inc.,* 728 F.2d 741, 747 (5 Cir., 1984).

In *McNichols v. Loeb Rhoades & Co., Inc.,* 97 F.R.D. 331 (N.D.Ill., 1982), the Court, relying on Seventh Circuit precedent, held

that the question of reliance could be raised at the class certification stage on the issue of typicality. *Id.* at 340. In the case of *In re SciMed Life Securities Litigation,* [1992–1993 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 97,220, 1992 WL 413867 (D.Minn., 1992), discovery was permitted into plaintiff's investment history and background at the class certification stage in a "fraud on the market" case. *In re SciMed Life Securities Litigation, supra,* ¶ 97,220 at 94,945, 1992 WL 413867*3. Lastly, in the case of *In re ML–Lee Acquisition Fund II, L.P. and ML–Lee Acquisition Fund (Retirement Accounts) II, L.P. Securities Litigation,* 149 F.R.D. 506 (D.Del., 1993), the Court ordered the production of documents reflecting plaintiffs' investment histories at the class certification stage of the litigation, finding such documents "relevant" to the "typicality" requirement. *Id.* at 508. The Court wrote:

> A determination that Plaintiffs are "sophisticated" is relevant to, inter alia, the issues of Plaintiffs' reliance on the alleged fraud, and Plaintiffs' burden of showing that they exercised due diligence in investigating the alleged fraud ... Sophisticated Plaintiffs are held to higher standards under due diligence analysis ... In addition, Plaintiffs' sophistication may preclude a finding that the Plaintiffs relied on the alleged fraud in purchasing the securities ... Thus, Plaintiffs' level of sophistication may subject them to unique defenses and render them atypical class representatives.

*Id.* (citations omitted).

Whether the split in the cases will ever be resolved by the Supreme Court, and if so, what the resolution will be, is unknown. The problem arises from the necessity of being able to litigate at the class certification stage[5] whether or not the "typicality" re-

---

**4.** This is not to say that there are no precedents in other jurisdictions for plaintiffs' position. There are. *Cohen v. Long Island Lighting Company,* [1986–1987 Transfer Binder], Fed.Sec. L.Rep. (CCH) ¶ 92,850, 1986 WL 9961 (E.D.N.Y., 1986); *Simpson v. Speciality Retail Concepts,* 149 F.R.D. 94, 99–102 (M.D.N.C., 1993); *Fisher v. The Plessey Company Limited,* 103 F.R.D. 150, 155–7 (S.D.N.Y., 1984); *In re MDC Holdings Securities Litigation,* 754 F.Supp. 785, 801–2 (S.D.Cal., 1990); *Moskowitz v. Lopp,* 128 F.R.D. 624, 629–32 (E.D.Pa., 1989). Defendants claim that because some of these cases do not deal with discovery but rather the "merits" of the class certification issue, they are inapposite. Defen-

dants are incorrect. To the extent that the cases hold that issues of individual reliance and investor sophistication are not relevant to whether the "typicality" and "adequacy of representation" requirements have been met, discovery should not be permitted.

**5.** It is to be recalled that the decision as to class certification is to be made "as soon as practicable after the commencement of an action brought as a class action." Rule 23(c)(1), Fed.R.Civ.P. This requirement would seem to indicate that extensive discovery respecting the underlying merits of a plaintiff's claim should not be part of the litigation at the class certification stage.

quirement has been met without turning the class certification litigation into a full-scale litigation on the merits of plaintiffs' underlying claims. Courts in this District have opted to resolve this conflict by generally confining the "typicality" analysis to the question of whether plaintiff's "... claims arise from the same course of conduct that gave rise to the claims of the absent members." *Priest v. Zayre Corporation, supra*, 118 F.R.D. at 555 quoting *In re Elscint Ltd. Securities Litigation*, 674 F.Supp. 374, 382 (D.Mass., 1987) (Keeton D.J.). Or, as Judge McNaught noted in the *Berenson* case:

> 'Typicality refers to the nature of the claim of the class representatives, and not to the specific facts from which the claim arose or relief in sought. The proper inquiry is whether other members of the class have the same or similar injury, whether the action is based on conduct, not special or unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'

*M. Berenson Co., Inc. v. Faneuil Hall Marketplace, supra*, 100 F.R.D. at 470 quoting *Dura–Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y., 1981).[6]

That is not to say that there can be no possible exceptions. As defendants point out in their reply memorandum (# 56), the Court in *Moskowitz v. Lopp, supra*, noted that there may be a set of facts which would rebut a "fraud on the market" presumption at the Rule 23 stage of the litigation. *Id.*, 128 F.R.D. at 631. But, at least under the law of this District, it must be an unusual set of facts, and there must be some basis on which to conclude that the unusual set of facts exists. The mere fact that there is a possibility that there is such a set of facts is an insufficient basis to expand discovery on these issues at the class certification stage of the litigation. A mere possibility is all that appears to underlie the defendants' motion in this case.

Accordingly, it is ORDERED that Defendants' Motion to Compel Discovery (# 47) be, and the same hereby is, DENIED without prejudice to seeking such documents after the issue of class certification has been decided.[7]

---

**6.** The above-language was also quoted verbatim by Judge Wolf in *Kirby v. Cullinet Software, Inc., supra*, 116 F.R.D. at 306.

**7.** Defendants' argument that the documents should be produced now because defendants will be entitled to them during merits discovery is unpersuasive. Discovery by both sides has been limited to class action issues. If it were not, I am sure there would be discovery which plaintiffs would like to take. It would be unfair to change the rules at this point and allow the defendants to receive discovery which is only relevant on the merits when the plaintiffs have been precluded from doing so.