HARRY F. BURROUGHS *vs.* WILLIAM O. WHITE.

Suffolk.    March 21, 1923. — September 14, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court*, Framing of jury issues.

On an appeal from a decree of the Probate Court denying a motion for jury issues, entered after a hearing where no testimony was presented and only statements of counsel as to the evidence which they expected to introduce were considered by the judge, the decree was affirmed, although the question was a close one and one on which judges well might differ. Following *Clark* v. *McNeil, ante*, 250.

PETITION, filed in the Probate Court for the County of Suffolk on May 5, 1922, for the proof of an alleged will of Minnie M. Ingraham, late of Winthrop.

William O. White, a brother of the alleged testatrix, opposed the petition and filed a motion that the following issues be framed for trial by jury in the Superior Court:

" 1. Was the instrument purporting to be the last will of said Minnie M. Ingraham dated April 28, 1922, executed according to law?

" 2. Was the said Minnie M. Ingraham at the time of the execution of the said alleged will of sound mind?

" 3. Was the execution of said alleged will of said Minnie M. Ingraham procured by the fraud or undue influence of Nellie A. Harmon and Harry Burroughs, both of said Winthrop or any of them, exercised upon the said Minnie M. Ingraham? "

The motion was heard by *Prest*, J., a stenographer having been appointed under G. L. c. 215, § 18. No evidence was heard, but counsel for the contestant and for the petitioner, respectively, made statements.

*J. W. Sullivan*, (*J. F. Doyle* with him,) for the respondent.

*F. C. Gorman*, for the petitioner.

RUGG, C.J.    This is an appeal from an order by a probate judge denying a motion to frame issues to a jury on a petition for the allowance of a will.    It was heard and decided and comes before us on appeal on statement by counsel for the contestant of expected proof.

The governing principles of law have been stated in the opinion in *Clark* v. *McNeil, ante,* 250, just decided, and need not be repeated.    *Fuller* v. *Sylvia,* 240 Mass. 49.    *Cook* v. *Mosher,* 243 Mass. 149.

It would serve no useful purpose to narrate the statement of facts.    The case is very close.    Some of us would have granted the issues.    But we all are of opinion, though with hesitation, that the decision of the Probate Court ought not to be reversed.

*Order affirmed.*