Connolly, J.
The plaintiff, Qual-Craft Industries, Inc. (“Qual-Craft”), brought a class action on behalf of a proposed class of plaintiffs against the defendant, RealWorld Corporation (“RealWorld”), seeking damages arising out of Year 2000 (“Y2K”) defects in products sold by the defendant. The proposed class of plaintiffs consists of all businesses or entities located in Massachusetts that purchased RealWorld Accounting and Business Software versions prior to Version 7.2. The matter is before this court on plaintiffs request for an order establishing the form and manner of class notice and a schedule for the court’s consideration and approval of the proposed class settlement. For the reasons set forth below, the plaintiffs motion is DENIED without prejudice.
BACKGROUND
The defendant, RealWorld, a Delaware corporation with a principal place of business located at 670 Commercial Street, Manchester, New Hampshire, is in the business of selling accounting and business software. RealWorld utilizes a network of approximately 75 resellers and dealers in Massachusetts to sell its software.
The plaintiff, Qual-Craft, a company in the business of manufacturing tools and scaffolding, has used RealWorld accounting and financial software in operating its business for over 10 years. In April 1995, Qual-Craft purchased eight modules of RealWorld Software Product upgrade to Version 6.6. Subsequently, Robert Berish (“Berish”), President of Qual-Craft, began receiving notices and mailings from *125 RealWorld warning him that the software Qual-Craft was utilizing in its business was not Y2K compliant. In these notices, RealWorld advised Qual-Craft that it would have to purchase an upgrade in order to make its software Y2K compliant. In fact, all RealWorld software products released prior to the most current version, Version 7.5, are unable to process entry dates after December 31, 1999, and the owners of these versions need to purchase the upgrade.
In 1997, thinking that it was unfair that RealWorld require its users to purchase an upgrade in order for their software to be Y2K compliant, Berish contacted the New York law firm of Milberg, Weiss, Bershad, Hynes & Lerach, LLP (“Milberg”). Milberg asked Berish if Qual-Craft would be willing to act as a representative in a class action and Berish agreed to do so.
On June 26, 1998, Qual-Craft filed this class action lawsuit in Norfolk Superior Court. In its complaint, Qual-Craft defined the class of plaintiffs as “consisting of all businesses or entities located in Massachusetts that purchased RealWorld Accounting and Business Software versions prior to Version 7.2.” In August 1998, RealWorld filed its answer and juiy demand. Shortly thereafter, on Januaiy 25, 1999, the parties filed a Stipulation of Settlement with this court. The matter was scheduled for a hearing to be held on Friday, February 19, 1999. Prior to the hearing, on February 16, 1999, the parties filed a Request for an Order Establishing the Form and Manner of Class Notice and a Schedule for the Court’s Consideration and Approval of the Proposed Class Settlement and supporting Memorandum of Law.
In the parties’ Stipulation of Settlement, as well as in all the documents filed in relation to the Request for an Order and Schedule of Class Notice, Qual-Craft has attempted to broaden the plaintiff class. The class is now defined as “all Persons and entities anywhere in the United States who purchased any version of Real-World software from and including version 6.0 to and including 7.2 and who exercise rights under this settlement" (Emphasis added.) Further, in the Notice of Pendency and Proposed Settlement of Class Action, the plaintiffs state that “(t]o participate in the settlement, you should contact your authorized RealWorld reseller. To obtain the name of the reseller nearestyou, contact RealWorld’s customer satisfaction center via E-mail at www.realworld.com/2000ready.”
On February 19, 1999, this court held a hearing on plaintiffs Request for Order Establishing the Form and Manner of Notice and Schedule for Court’s Consideration and Approval of Proposed Settlement. After hearing evidence from Berish and from Kurt Mueffelmann, president of RealWorld, this court found that the proposed settlement was the result of arm’s length negotiations between both parties and that there was no collusion in reaching the agreement. That same day, this court approved the Order Establishing the Form and Manner of Notice and Schedule to the class. The court also set dates of February 26, 1999 by which date notice was to have begun; March 18, 1999 as the last day to file objections; and March 26, 1999 for the settlement hearing.
On February 22, 1999, and upon further consideration of the legal issues, this court vacated the Order Establishing the Form and Manner of Notice and Schedule for Court’s Consideration and Approval of Proposed Settlement.
DISCUSSION
Qual-Craft has asked this court to certify a nationwide class of plaintiffs. Throughout the documents that the parties have filed with the court, the class is defined as “all persons or entities in the United States who purchased any version of RealWorld software from and including versions 6.0 to and including version 7.2.” Under Massachusetts law, this court can not exercise personal jurisdiction over the proposed nationwide class of plaintiffs.
In Phillips Petroleum Co. v. Shutts et al., 472 U.S. 797 (1985), the Supreme Court addressed the issue of the circumstances under which a forum State can exercise personal jurisdiction over the claim of an absent class-action plaintiff. The court in that case held that “a forum State may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant.” Id. at 811. However, the court warned that “ [i]f the forum State wishes to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection. ” Id. at 811 -12. The court stated that to satisfy this minimal due process protection, “(t]he plaintiff must receive notice plus an opportunity to be heard and participate in the litigation . . .” Id. The court further held that “due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an ‘opt out’ or ‘request for exclusion’ form to the court.” Id. The Supreme Court held that Kansas could exercise personal jurisdiction over a class of plaintiffs because the procedure followed by that state, notice sent by first-class mail to each absent class member and an explanation that they had the right to opt out, was proper.
The present case does not satisfy the minimum due process protections for absent class members set forth in Phillips. It is well established that Mass.R.Civ.P. 23, the Massachusetts class action rule, does not provide a member of a class with the opportunity to “opt out” of a class action. See Flecher v. Cape Cod Gas Co., 394 Mass. 595, 601-02 (1985); Mass.R.Civ.P. 23. Further, “Massachusetts law does not allow an ‘opt in’ class any more than it allows an ‘opt out’ class.” Sullivan v. First Massachusetts Financial Corp., 409 Mass. 783, 789-90 (1991).
*126 The plaintiff argues that this court has the authority to exercise personal jurisdiction over the proposed class of plaintiffs. The argument is that because the class is defined to include only those members who exercise their right to participate under the Settlement Agreement, a member of the class who chooses not to participate does not lose his right to litigate. What the plaintiff suggests is that in order to participate in the Settlement Agreement, an absent member of the class affirmatively opt to join it. Massachusetts law forbids such “opt in” provisions. See Sullivan v. First Massachusetts Financial Corp., 409 Mass. at 789-90. Since no “opt in" or “opt out” alternative exists in Massachusetts, the minimum due process requirements set forth in Phillips cannot be satisfied. Therefore, this court cannot exercise personal jurisdiction over the absent members of the plaintiff class.
ORDER
For the foregoing reasons, the February 19, 1999 Order of this Court Establishing the Form and Manner of Notice and Schedule for Court’s Consideration and Approval of Proposed Settlement is hereby VACATED and request for said order is DENIED without prejudice.