Murphy, J.
The plaintiffs, Crystal Salvas (“Salvas”) and Elaine Polion (“Polion”), brought this action against Wal-Mart Stores, Inc. (“Wal-Mart”) alleging breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, conversion and violation of Massachusetts General Laws chapters 151 and 149. Salvas and Polion now move, pursuant to Mass.R.Civ.P. 23, for class certification. For the following reasons, the plaintiffs’ motion is GRANTED.

BACKGROUND

Salvas and Polion brought this action against WalMart in August 2001. The initial complaint did not contain a cause of action under the Payment of Wages Statute, G.L.c. 149, §148. On January 13, 2004, this Court certified this case as a class action. Wal-Mart filed an interlocutory appeal of the decision, arguing that Salvas and Polion were not adequate representatives under Mass.R.Civ.P. 23(a)(4) because, inter alia, they did not bring a claim under G.L.c. 149, the Payment of Wages Statute, and that they did not satisfy the predominance standard of Mass.R.Civ.P. 23(b) because individualized issues would predominate. A single Justice of the Appeals Court rejected Wal-Mart’s argument that the class be decertified because individualized issues would predominate. Salvas v. Wal-Mart, No., 04-J-61 (Mass.App.Ct. June 8, 2004) (McHugh, J.) (unpublished Memorandum and Order). The Appeals Court decision noted that this Court was within its discretion to certify the class before it determined the reliability and admissibility of expert testimony and therefore before the Court determined whether individualized inquiries were necessary to protect Wal-Mart’s due process rights. Id. However, the Single Justice vacated the class certification decision and remanded the matter to the Superior Court to determine “whether the waiver of claims *652 under the Payment of Wages Statute required some action under Rule 23(d) to insure protection of absent members’ due process rights . . .” Id.
After the Appeals Court decision, and before Salvas and Polion argued the effect of waiver of the Payment of Wages Statute on the absent class members’ due process rights, the plaintiffs claim to have discovered new evidence of Wal-Mart’s practice of deleting time from its employees’ payroll records. Of particular importance is a practice called the “one-minute clock-out.” Salvas and Polion allege that when a Wal-Mart employee failed to check out for the day or for a meal break, it was Wal-Mart’s practice to clock out these employees one minute after they had clocked in and thus deprive them of compensation for the hours they had worked. After receiving this information, Salvas and Polion moved to amend their complaint to include a cause of action under G.L.c. 149 (“the Wage claim”).
In September 2004, this Court (Fahey, J.) granted the plaintiffs’ motion and on October 1, 2004, Salvas and Polion filed their Second Amended Complaint. Count Nine of the Second Amended Complaint presents a cause of action based on violation of G.L.c. 149, §148. In particular, it alleges that Wal-Mart engages in the practice of the “one-minute clock out” and another practice of deleting time, not described in detail.
The record also contains Dr. Martin Shapiro’s affidavit and his deposition transcript. He is a potential expert witness, retained by Salvas and Polion, to analyze some of the time clock data provided by WalMart. He claims to have found 7,000 instances of the one-minute clock-outs during the year 2001. (Shapiro Aff. at ¶8.) He also claims to have found other instances of “time shaving”[2] in eveiy Wal-Mart store in the state. Id. These alleged one-minute clock-outs do not include one-minute clock-outs that were corrected on the day on which they occurred. (Shapiro Dep. at 168: 14-19.) Dr. Shapiro found one instance of the one-minute clock-out on plaintiff Salvas’s payroll records but not as to Polion, although he had not yet fully analyzed the data. (Shapiro Aff. at ¶10; Shapiro Dep. at 200: 8-10; 208: 10-12.)

DISCUSSION

Under Mass.R.Civ.P. 23(a), an individual may sue as a representative party on behalf of an entire class only if “(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.” In addition to these four requirements, the plaintiffs also bear the burden of demonstrating that “questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.” Mass.R.Civ.P. 23(b). A party moving under Rule 23 for class certification “need only provide information sufficient to enable the motion judge to form a reasonable judgment that certification requirements are met.” Aspinall v. Philip Morris Companies, Inc., 442 Mass. 381, 392 (2004), citing in part Weld v. Glaxo Wellcome Inc., 343 Mass. 81, 87 (2001). The moving party “does not bear the burden of producing evidence sufficient to prove that the requirements have been met.” Glaxo, 343 Mass. at 87. In determining whether to certify a class the court should consider the representatives’ relationship to the other class members if the allegations prove true. See Aspinall, 442 Mass. at 392.
Wal-Mart argues that class certification must fail because the plaintiffs cannot demonstrate that they can meet the predominance requirement and that, with regard to their recently added Payment of Wage Statute claim, plaintiffs have failed to establish the commonality, typicality, numerosity and predominance requirements.[3]
The Court disagrees with Wal-Mart for the reasons stated below and incorporates the reasoning of its initial Motion to Certify, absent, of course, the section found objectionable by the Appeals Court, its discussion of the absence of the Wage claim.

A. Predominance Requirement

Wal-Mart essentially asks this Court to reconsider its initial finding that Salvas and Polion’s issues of fact or law predominate over individualized inquiries. The Court declines to do so. Although the Court recognizes that Salvas and Polion will bear the burden at subsequent proceedings to demonstrate, through reliable expert testimony, that Wal-Mart’s due process rights are not offended by the absence of individualized inquiries, it is not prepared at this stage to make such a determination. See Salvas v. Wal-Mart, No., 04-J-61 (Mass.App.Ct. June 8, 2004) (unpublished Memorandum and Order).

B. The Wage Claim

1. Numerosity
If a class is not so numerous that joinder of all its members is not impracticable, class certification should be denied. See Mass.R.Civ.P. 23(a)(1). “Impracticable” has been interpreted to mean “impractical, unwise or imprudent, rather than impossible or incapable of being performed.” Brophy v. Sch. Comm. of Worcester, 6 Mass.App.Ct. 731, 735 (1978). The Court should also consider efficiency, limitation of judicial resource and expense to the plaintiffs when determining if the moving party has met the numerosity requirement. Id. The estimated number of hourly Wal-Mart employees allegedly subject to Wal-Mart’s time shaving practices during the class period is over 50,000. The rough number of alleged one-minute clock-outs, one form of time shaving, is 7000. The putative class members were employees in Wal-Mart *653 stores throughout the state and thus live in different geographic regions of the state. Individual joinder of these claims would be impracticable and thus the “numerosiiy” requirement is satisfied.
2.Common Questions of Law or Fact
In order for certification to be proper, there must be questions of law or fact common to every member of the class. Mass.R.Civ.P. 23(a)(2). To establish commonality, the plaintiffs must show that “all the persons whom they profess to represent have a common interest in the subject matter of the suit and a right and interest to ask for the same relief against the defendants.” Weld v. CVS Pharmacy, No. 98-0897, 11 Mass. L. Rptr. 21, 1999 WL 1565175 at *4 (Mass.Super. Nov. 19, 1999), aff'd, 343 Mass. 81, 87 (2001), quoting Spear v. H.V. Greene Co., 246 Mass. 258, 268 (1923). The plaintiffs need not show that the interest of each member of the class is identical to the others in all respects, but that they arise out of a common relationship to a definite wrong. Id. If Salvas and Polion’s allegations that Wal-Mart engaged in a systematic practice of time shaving are true,[4] then the interest of each class member is identical. Each class member has an interest in determining Wal-Mart’s practices regarding employee payroll records and if these practices were legal. Thus, the commonality requirement is satisfied.
3.Typicality
The claims or defenses of the representative parties must be typical of the claims or defenses of the class. Mass.R.Civ.P. 23(a)(3). “Typicality is established when there is a sufficient relationship between the injuiy to the named plaintiff and the conduct affecting the class[,] and [when] the claims of the named plaintiff and those of the class are based on the same legal theory.” Glaxo, 434 Mass. at 87 (internal quotations omitted). The iypicality requirement is normally satisfied with an allegation that the defendant acted consistently toward the representative and members of the class. Id.
In this case, Salvas and Polion were hourly employees at Wal-Mart, like the other class members. Salvas alleges that Wal-Mart illegally clocked her out of work one minute after she had returned from a break, thus depriving her of compensation for many of the hours she worked. Both Salvas and Polion allege time shaving. Therefore, their claims are typical of the claims of the other class members who were allegedly subject to a practice of altering their payroll records to deprive them of time earned.[5]
4.Fair and Adequate Representation of the Class
The class representatives must fairly and adequately protect the interests of the class. Mass.R.Civ.P. 23(a)(4). To satisfy this requirement there must be “(1) [an] absence of potential conflict between the named plaintiff and the class members and (2) . . . counsel chosen by the representative parties [who] is qualified, experienced and able to vigorously conduct the proposed litigation.” Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985), cert. denied, 476 U.S. 1172 (1986). The Court cannot discern any potential conflict between Salvas and Polion and the class members.[6] Furthermore, the Court finds that the counsel chosen by Salvas and Polion are thoroughly qualified and experienced to represent the class, as demonstrated by their written and oral presentations in this case and the fact that the counsel have been certified as plaintiffs’ counsel in numerous other similar cases across the country in both state and federal class actions.
5.Predominance and Superiority
Even if the requirements of Massachusetts Rules of Civil Procedure 23(a) are met, plaintiffs must still demonstrate that the questions of law or fact common to the members of the class predominate over any other questions affecting only individual members and that a class action is superior to other available methods. Mass.R.Civ.P. 23(b). Wal-Mart does not argue that, with regard to the Wage claim, the common questions of law or fact will not predominate. And the Court finds that the plaintiffs have presented sufficient evidence to enable the Court to form a reasonable judgment they have met their burden in establishing predominance. Whether Wal-Mart had a systematic practice of time shaving is an issue that will predominate.
Finally, certification is clearly a superior method for a fair and efficient adjudication of the controversy. It is extremely unlikely that the individual class members would have a realistic opportunity to litigate such a complex case. Class certification offers an efficient and fair resolution to the controversy

ORDER

For the above reasons, it is therefore ORDERED that the plaintiffs’ motion for class certification is GRANTED.

‘Time shaving” means the practice of altering employee data with regard to the time they worked. (Shapiro Dep. 323: 6-13.)

Wal-Mart also argued that the plaintiffs failed to establish that they were adequate representatives of the class. WalMart argued that, pursuant to Judge Fahey’s Order allowing the plaintiffs to amend the complaint, the plaintiffs were limited in its application of the Wage claim and therefore could not adequately represent those members of the class who were not so limited. Judge Fahey recently clarified her opinion and held that the plaintiffs’ Wage claim was not limited. The Court, therefore, rejects Wal-Mart’s adequacy argument.

Wal-Mart strenuously denies that it has a policy of systematically shaving employees’ time and that the evidence relied on by the plaintiffs shows that such a practice existed. This argument is irrelevant because the Court considers the propriety of class certification if the allegations by the plaintiffs prove true. See Aspinall, 442 Mass. at 392.

Wal-Mart’s argument that because Salvas and Polion, at their depositions, could not identify an instance of time shaving that affected their payroll records is irrelevant. As stated above, the question is if their allegations prove true, would their claims be typical of the class members. See Aspinall, 442 Mass. at 392. In their complaint, the plaintiffs allege time shaving. Also, the Court has already rejected Wal-Mart’s argument that the plaintiffs have failed to comply with the statutory requirements of the Payment of Wages Statute in its Memorandum and Order on Defendant’s Motion to Dismiss.

In addition, Wal-Mart fails to raise any possible conflicts.