Lauriat, Peter M., J.
Lori Aspinall and Thomas Geanacopoulos (“the plaintiffs”) have brought this class action on behalf of themselves and all other purchasers of Marlboro Lights cigarettes in Massachusetts, pursuant to G.L.c. 93A, §9(2), for damages arising from the alleged deceptive advertising of Marlboro Light cigarettes by the defendants, Philip Morris Companies, Inc., and Philip Morris Inc. (“the defendants”), as “light” cigarettes that deliver “lowered tar and nicotine.” On October 3, 2001, the Superior Court *301 certified a class consisting of all purchasers of Marlboro Lights in Massachusetts during the four years preceding the filing of the plaintiffs’ Complaint. Following an interlocutory appeal from that decision, the Supreme Judicial Court affirmed the Superior Court’s class certification order. Aspinall v. Philip Morris Companies, Inc., 442 Mass. 381 (2004).
General Laws c. 93A requires plaintiffs’ counsel to provide notice to class members in a certified class action. The issue now before the court is what degree of notice to the class is sufficient under the statute.
DISCUSSION
In class actions claiming violation of the Consumer Protection Act, “the court shall require that notice of such action be given” to the members of the class “in the most effective practicable manner.” G.L.c. 93A, §9(2). To satisfy this requirement, the plaintiffs have proposed that they provide notice via newspaper postings in Massachusetts. The defendants contend that the plaintiffs are required to provide far more extensive notice than they propose.
The Supreme Judicial Court affirmed the order certifying the class of plaintiffs in this case as “purchasers of Marlboro Lights cigarettes in Massachusetts during the four years preceding the filing of the complaint.” Aspinall v. Philip Morris, 442 Mass. 381, 402 (2004). The defendants are concerned, however, that the court may not have personal jurisdiction over non-Massachusetts resident members of this class, creating a risk that any judgment issued in this case would not bind them. In Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811-12 (1985), the United States Supreme Court held that if states wish to bind absent class plaintiffs who lack minimum contacts with the forum, it must provide them with “minimal procedural due process protection” in actions claiming money damages or similar relief at law.[1] According this level of due process protection requires that absent class members be given notice and an opportunity to be heard and to participate in the litigation. Id. In Shutts, the Kansas procedure providing notice to absent class members with the opportunity to opt-out satisfied this requirement. Id. at 812.
However, under Massachusetts law potential class members are not afforded the opportunity to opt-out of a class action. Fletcher v. Cape Cod Gas Co., 394 Mass. 595, 601-02 (1985). As a result, potential due process concerns arise with a class, like this one, which is not limited to Massachusetts residents. See Eldridge v. Provident Cos., Inc., 11 Mass. L. Rptr. 417, 2000 WL289640, *2-3 (Mass.Super.Ct. 2000); Hughes v. Provident Cos., Inc., 11 Mass. L. Rptr. 364, 2000 WL 331977, *2 (Mass.Super.Ct. Mar. 6, 2000); Qual-Craft Industries, Inc. v. Realworld Corporation, 10 Mass. L. Rptr. 124, 1999 WL 1319209 (Mass.Super.Ct. Mar. 1, 1999); Nark v. Siegel, Civil No. 94-994 (NorfolkSuper.Ct. Sept. 30, 1999); Weld v. CVS Pharmacy, Inc., 11 Mass. L. Rptr. 21, 1999 WL 1565175, *3-4 (Mass.Super.Ct. Nov. 19, 1999), aff'd by Weld v. Glaxo Wellcome, Inc., 434 Mass. 81 (2001). Notice alone does not appear to satisfy the minimum procedural due process required by Shutts. See Shutts, 472 U.S. at 811-12. Thus, in order for this case to proceed, each nonresident absent class member must have minimum contacts with Massachusetts sufficient to constitute an independent basis for personal jurisdiction. See id. at 811. Therefore, interpreting the SJC judgment in accordance with due process requirements, this court concludes that that the present class is limited to Massachusetts residents and residents of surrounding states[2] who regularly purchased Marlboro Lights in Massachusetts during the class period.[3]
The due process standards regarding what constitutes adequate notice depend upon the particular circumstances of each case. State of West Virginia v. Chas. Pfizer & Co., 440 F.2d 1079, 1090 (2nd Cir. 1971); see Mullane v. Central Hanover Trust Co., 339 U.S. 306, 315 (1950). “(T]he type of notice to which a class member is entitled depends upon the information available to the parties about that person . . . the name and the last known address of each class member known to the parties or capable of being identified from business or public records available to them must be produced.” In re Nissan Motor Corp. Antitrust Litigation, 552 F.2d 1088, 1098 (5th Cir. 1977). Individualized notice is always preferable. See Eisen v. Carlisle&Jacquelin, 417 U.S. 156, 175 (1974); Schroeder v. City of New York, 371 U.S. 208, 212-13 (1962); Mullane, 339 U.S. at 317-18. However, if there is no reasonably possible or practicable way to give individualized notice, notice by publication will suffice. Mullane, 339 U.S. at 315; see also Chas. Pftzer & Co., 440 F.2d at 1090 (finding notice by publication sufficient where it was not reasonable or practicable to give more adequate warning to consumers in class action against various antibiotics manufacturers for antitrust violations). “Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.” Mullane, 339 U.S. at 315.
The defendants propose that their Adult Smoker Database (ASD) provides updated and reliable contact information sufficient to allow the plaintiffs to effect individual mail notice to those Massachusetts residents identified on the database as Marlboro Lights smokers. Based upon the affidavits submitted by the parties, this court agrees that the ASD is a reasonable and practicable manner in which to give many of those who are most likely class members individual notice of the action.[4] Thus, in order to comply with c. 93A, §9(2) and to provide constitutionally adequate notice, plaintiffs will be required to mail individual notice to those Massachusetts residents. See Eisen, 417 U.S. at 176 (requiring individual notice to be mailed each of *302 the 2,250,000 class members whose names and addresses were easily ascertainable). Certainly the ASD, just as notice by publication, will not be able to give direct notice to every class member. Nevertheless, together the two forms of notice allow for the most comprehensive and effective notice practicable under the circumstances. The plaintiffs’ concerns regarding the burdensome cost of providing notice to such a large class in any form beyond publication have no bearing on the determination of adequate notice. See Eisen, 417 U.S. at 176. “Individual notice to identifiable class members is not a discretionaiy consideration to be waived in a particular case . . . there is nothing ... to suggest that the notice requirements can be tailored to fit the pocketbooks of particular plaintiffs.” Id. at 176.
Still, it is not “improper for the court to consider the potential impact that rulings on these issues may have on the expense that the [class] representative[s] must bear in order to send the notice.” Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 360 (1978). As a general rule, the representative plaintiffs have the burden of performing and paying all costs related to sending notice because they are the ones seeking to maintain the suit as a class action and represent the other class members. Id. at 356, 359. The Supreme Court has found, however, that “when the defendant may be able to perform a task with less difficulty or expense,” the trial court may exercise its discretion and allocate the burden to the defendants. Id. For example, “[i]t may be appropriate to leave the cost where it falls because the task ordered is one that the defendant[s] must perform in any event in the ordinary course of business.” Id. at 359.
Employing this rationale, the defendants will be required to insert class notices into their ASD mailings to Massachusetts residents to reduce the expense of accomplishing notice. Oppenheimer, 437 U.S. at 355 n.22; see Bouchard v. Secretary of Health and Human Services, 604 F.Sup. 171, 176 (D.Mass. 1984) (“It will not be costly, since written notification could be included as part of regular agency mailing”). Although Marlboro Lights smokers in Massachusetts are not normally singled out to receive additional inserts, including class notices in an ASD mailing will surely be less difficult and less expensive than if the plaintiffs were required to start from square one.[5] The plaintiffs will bear the cost of producing the inserts and will reimburse the defendants for the reasonable additional cost of the mailing. See Oppenheimer, 437 U.S. at 358.
ORDER
For the foregoing reasons, on the Plaintiff s Motion with Respect to Notice of Certification of Class Action, the court orders the following:
1.The Parties shall agree to a form of notice for mailing and for publication;
2. The agreed-upon form of notice shall be published, once a week for two consecutive weeks, in the following newspapers in Massachusetts and the surrounding states:
Boston Globe
Boston Herald
Boston Metro
The Berkshire Eagle
Cape Cod Times
Fitchburg Sentinel & Enterprise
Lawrence Eagle-Tribune
Lowell Sun
The New Bedford Standard Times
The Quincy Patriot Ledger
Springfield Union News and Republican
Worcester Telegram & Gazette
El Mundo
Vocero Hispano
Burlington Free Press (VT)
Hartford Courant (CT)
The New York Times (NY)
Portland Press Herald (ME)
The Providence Journal (RI)
The Manchester Union Leader (NH)
3. The plaintiffs shall produce inserts to include in the next mailing by the defendants to its Adult Smoker Database in Massachusetts;
4. The defendants, using the least expensive means necessary, should complete the ASD mailing within 60 days of this Order;
5. The defendants shall certify by affidavit that the mailing has been completed, including the date and method of the mailing and the number of addressees to which notice was sent. This affidavit must be filed with the court and served upon the parties within 20 days of the completion of the mailing;
6. If the parties disagree on the form of notice, they may submit it to the court for review.

 The need for this due process stems from the fact that “a chose in action is a constitutionally recognized properly interest possessed by each of the plaintiffs.” Shutts, 472 U.S. at 807, citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950).

 Connecticut, Maine, New Hampshire, New York, Rhode Island, Vermont.

 With this understanding of the class, it is “reasonable and just, according to our traditional concept of fair play and substantial justice” for Massachusetts to exercise personal jurisdiction over the nonresident class members. See Shutts, 472 U.S. at 807, quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945).

 However, individual mail notice to ASD recipients in Rhode Island and New Hampshire will not be required. Such notice would be inefficient in that it would include many smokers who have never bought Marlboro Lights in Massa *303 chusetts. See In re Domestic Air Transp. Antitrust Litig., 141 F.R.D. 534, 546 (N.D.Ga. 1992).

 Furthermore, effecting individual notice in this manner can allay the defendants’ concerns about plaintiffs using contact information from the ASD due to its confidential and proprietary nature. See Response of Philip Morris USA, Inc. to Notice of Deposition and Request for Production of Documents, 8-9; Cheryl Smigelski Affidavit, para. 16 (“Revealing the information in the Adult Smoker Database to competitors (or Plaintiffs) would substantially injure and competitively disadvantage Philip Morns USA").